UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU, | ) |
| Plaintiff | ) ) ) |
| v. | ) No. 1:21-cv-11493-JDL |
| PAUL LAPROCINA, JR., et al., | ) ) ) |
| Defendants | ) ) |

### ORDER ON MOTIONS FOR RECUSAL AND
### RECOMMENDED DECISION ON MOTION FOR IMPARTIAL JUDGE

The plaintiff's two identical motions to recuse and what he styles as a motion for an impartial judge have been referred to me. *See* Motions to Recuse District Judges ("Recusal Motions") (ECF Nos. 13, 14); Second Motion for an Impartial Judge (ECF No. 15); Electronic Order Referring Motions (ECF No. 16).

In his motions to recuse, the plaintiff seeks the recusal of myself, Chief Judge Levy, and Chief Judge Saylor on the basis that our "impartiality might reasonably be questioned." Recusal Motions at 1 (quoting 28 U.S.C. § 455(a)). I can only act on the motions insofar as they pertain to me. The plaintiff asserts that my recusal is necessary because there is a committee of judges "pulling the strings" behind the scenes to set him "up for failure." *Id.* Because the plaintiff's assertions are wholly unfounded, the motions are **_DENIED_** to the extent they seek my recusal.[1]

---

[1] I note that the plaintiff has made similar allegations in at least one prior case. *See Lu v. Budd*, Civil Action No. 21-10352-FDS, 2021 WL 2593843, at *1 (D. Mass. June 24, 2021) (describing a complaint filed by the plaintiff as alleging "a massive conspiracy against . . . various members of the Massachusetts judicial system"). It is also worth noting that the plaintiff "is a frequent litigant, filing at least 40 cases in this court against various public and private entities over a period of more than 20 years." *Id.* at *1 & n.1. In a March 2002 order in one of those cases, this court issued an injunction requiring the plaintiff to "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of [the March 2002] Order, and (2) a certification signed under the pains and penalties of perjury that he has complied in good faith with [the March 2002] Order." *Id.* (quoting *Lu v. Harvard Sch. of Dental Med.*, C.A. No. 00-11492-MLW, 2002 U.S. Dist. LEXIS 30683, at *17 (D. Mass. Mar. 29, 2002)). The plaintiff does not appear to have complied with the March 2002 order

*See El Fenix de P.R. v. M/Y JOHANNY*, 36 F.3d 136, 140 (1st Cir. 1994) ("No permissible reading of subsection 455(a) would suggest that Congress intended to allow a litigant to compel disqualification on unfounded innuendo concerning the *possible* partiality of the presiding judge. Indeed, a trial judge *must* hear cases unless some reasonable factual basis to doubt the impartiality of the tribunal is shown by some kind of probative evidence." (footnote, citation, and internal quotation marks omitted)).

In his separate but seemingly related motion for an impartial judge, the plaintiff also moves for the assignment of this case "to a district judge outside this (First) Circuit" pursuant to 28 U.S.C. § 292(d).  *See* Second Motion for an Impartial Judge.  I am unsure whether this motion was originally intended for this court's consideration, but, in any event, it asks for relief that is beyond this court's authority to provide.  *See* 28 U.S.C. § 292(d) ("*The Chief Justice of the United States* may designate and assign temporarily a district judge of one circuit for service in another circuit, either in a district court or court of appeals, upon presentation of a certificate of necessity by *the chief judge or circuit justice of the circuit* wherein the need arises." (emphasis added)).  Accordingly, I recommend that it be **<u>DENIED</u>**.[2]

## NOTICE

**In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.**

**Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.**

---

in this case even though this court has repeatedly dismissed his prior actions as a sanction for failing to comply with the order.  *See id.* at *2 (collecting cases and likewise dismissing the plaintiff's case as a sanction for failing to comply with the March 2002 order).

[2]  Given the unusual posture of the plaintiff's motion for an impartial judge, I have – in an abundance caution – recommended its denial rather than outright denying it.

Dated this 30th day of December, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge