UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU,  *Plaintiff* | )<br>)<br>) |
| v. | )  No. 1:21-cv-11493-JDL |
| | ) |
| PAUL LAPROCINA, JR., et al.,  *Defendants* | )<br>) |

**LOCKE LORD DEFENDANTS' RESPONSE AND OBJECTION TO PLAINTIFF'S
CROSS-MOTION TO STRIKE BULK OF MOTION TO DISMISS**

Defendants David Taylor, Matthew VP McTygue, Elizabeth H. Kelly, and Locke Lord LLP (collectively the "Locke Lord Defendants") respond and object to *Plaintiff's Cross-Motion to Strike Bulk of Motion to Dismiss* (ECF 38) (the "Motion to Strike") as follows:

Plaintiff Friedrich Lu is asking the Court to strike the portions of *Locke Lord Defendants' Motion to Dismiss* (ECF 33) (the "Motion to Dismiss") that move for dismissal under Federal Rules of Civil Procedure 4(m), 12(b)(4), 12(b)(5), and 12(b)(6). He is not seeking at this time to strike the portion of the Motion to Dismiss that moves for dismissal under Rule 41(b).

"[S]ufficient service of process is a prerequisite to entry of default" under Rule 55(a). *McLarnon v. Deutsche Bank Nat'l Trust Co.*, Civ. A. No. 13-12815-FDS, 2014 WL 793570, at *6 (D. Mass. Feb. 25, 2014). Plaintiff incorrectly argues that he has provided prima facie evidence of valid service on the Locke Lord Defendants based on his statement in the Motion to Strike that ***he*** served the Locke Lord Defendants by certified mail and based on the ***unsigned*** certified mail receipt addressed to David Taylor & Locke Lord LLP that is missing part of the certified mail number, which he attached to *Plaintiff's Request to Clerk for Entry of Default* (ECF 30). As noted in the *Memorandum in support of Locke Lord Defendants' Motion to Dismiss* (ECF 34), Massachusetts law provides that, when service is made by certified mail, "proof of service ***shall*** include a receipt ***signed by the addressee*** or other evidence of personal

1

delivery to the addressee satisfactory to the court." Mass. Gen. Laws ch. 223A, § 6(b) (emphasis added). Plaintiff has not provided a certified mail receipt addressed to and signed by any of the Locke Lord Defendants, so he has failed to provide the required evidence to show that he completed service of process.

In addition, Federal Rule of Civil Procedure 4 expressly, and Massachusetts Rule of Civil Procedure 4 implicitly, prohibits Plaintiff from serving the summons and complaint himself. *See* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old *and not a party* may serve a summons and complaint.") (emphasis added); Mass. R. Civ. P. 4(c) ("Except as otherwise permitted by paragraph (h) of this rule, service of all process *shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; [or] by some person specially appointed by the court for that purpose* ….") (emphasis added); Mass. R. Civ. P. 4(d) ("The plaintiff *shall furnish the person making service* with such copies as are necessary.") (emphasis added). Thus, Plaintiff's attempt to attest to service in his Request for Default also fails because he cannot be the one who serves the summonses and complaints.[1] Fed. R. Civ. P. 4(l)(1).

Plaintiff also argues that a motion to dismiss under Rules 12(b)(4) or 12(b)(5) "is, generally speaking, a non-starter for defendants invoking them[,]" Motion to Strike at ¶ 5, but the only authority he cites—*United Elec. Radio and Mach. Workers of Am. (UE) v. 163 Pleasant*

---

[1] Plaintiff argues without citing any authority that Massachusetts law controls any dispute over whether service of process was properly made. *See* Motion to Strike at ¶ 2(b). While the Federal Rules of Civil Procedure allow service within the United States to be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[,]" that allowance only applies "[u]nless federal law provides otherwise[.]" Fed. R. Civ. P. 4(e). Thus, while Massachusetts law arguably provides a viable option for serving the Locke Lord Defendants by certified mail, it does not abrogate the prohibition in Rule 4(c)(2) against a party effecting that service himself, nor does it excuse Plaintiff from providing proof of service in the manner required by Massachusetts law. As noted above, Plaintiff has failed to provide prima facie evidence of completed proper service by certified mail under Massachusetts law because he has not provided certified mail receipts addressed to and signed by each of the Locke Lord Defendants.

*Street Corp.*, 987 F.2d 39 (1st Cir. 1992)—is irrelevant. In *United Elec.*, the First Circuit noted in dicta that, if the district court had decided a personal jurisdiction issue against the plaintiffs without first affording them the opportunity to respond to a Rule 12(b)(2) motion to dismiss, the First Circuit almost certainly would not have affirmed the dismissal. *United Elec.*, 987 F.2d at 48 n.18. Rules 12(b)(4) and 12(b)(5) were not at issue in that case, and, in any event, the First Circuit ultimately affirmed the dismissal because the plaintiff did have an opportunity to respond to the motion and, in fact, did respond to the motion, just as Plaintiff has had and done here.

Plaintiff's argument regarding Rules 12(b)(4) and 12(b)(5) being a non-starter for defendants also defies common sense. If defendants could not successfully invoke Rules 12(b)(4) or 12(b)(5) to dismiss a complaint, they would not be included in Rule 12 as defenses upon which dismissal may be sought.

Lastly, Plaintiff argues that the Locke Lord Defendants were required to, but did not, obtain leave to file their Motion to Dismiss because the time to answer allegedly had expired. *See* Motion to Strike at ¶ 6. This argument fails because Plaintiff never completed service on the Locke Lord Defendants and they consequently had no answer deadline. Moreover, even if, for the sake of argument, service had been completed, Plaintiff cites no authority for the proposition that a defendant must obtain leave to file an initial responsive pleading or motion to dismiss under Rule 12(b) once the deadline to do so has expired. The only case he cites—*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)—relates to the filing of a proof of claim in a bankruptcy proceeding, not to the filing of an initial responsive pleading or Rule 12(b) motion in a civil suit, particularly after an improper motion for entry of default is filed.[2]

---

[2] Although the Locke Lord Defendants do not believe that they are required to obtain leave to file their Motion to Dismiss because they were not properly served with process and because leave to file an initial responsive pleading or motion to dismiss is not required under the Federal Rules of Civil Procedure, to the extent the Court determines that leave is required, the Locke Lord Defendants respectfully request such leave.

WHEREFORE, the Locke Lord Defendants respectfully request that Plaintiff's Motion to Strike be denied.

Respectfully submitted,

*/s/ Daron L. Janis*
Daron L. Janis (BBO #: 703028)
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100 telephone
(617) 227-4420 facsimile
djanis@lockelord.com

February 23, 2022

## CERTIFICATE OF SERVICE

I certify that on February 23, 2022, the foregoing document is being served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system and a paper copy is being sent to the following as indicated below:

| *By U.S. Mail* | *By U.S. Mail* |
|---|---|
| Friedrich Lu | Friedrich Lu |
| c/o St. Francis House | c/o St. Francis House |
| P.O. Box 499 | 39 Boylston Street |
| Lafayette Station | Boston, MA 02112 |
| Boston, MA 02112 | |

*/s/ Daron L. Janis*
Daron L. Janis

4