UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU,<br>    *Plaintiff* | )<br>)<br>) |
| v. | )   No. 1:21-cv-11493-JDL<br>) |
| PAUL LAPROCINA, JR., et al.,<br>    *Defendants* | )<br>) |

**LOCKE LORD DEFENDANTS' AND ATTORNEY JANIS'S RESPONSE AND OBJECTION TO PLAINTIFF'S CROSS-MOTION FOR RULE 11 SANCTIONS**

Defendants David Taylor, Matthew VP McTygue, Elizabeth H. Kelly, and Locke Lord LLP (collectively the "Locke Lord Defendants"), together with their attorney, Daron L. Janis, respond and object to *Plaintiff's Cross-Motion for Rule 11 Sanctions* (ECF 45) (the "Rule 11 Motion") as follows:

**INTRODUCTION**

Plaintiff Friedrich Lu is asking the Court to sanction the Locke Lord Defendants and Attorney Janis under Federal Rule of Civil Procedure 11 for arguing in the *Locke Lord Defendants' Motion to Dismiss* (ECF 33) (the "Motion to Dismiss") that the case should be dismissed under Rule 41(b) because of Plaintiff's failure to comply with the March 29, 2002 Memorandum and Order issued in Case No. 1:00-cv-11492-MLW (the "Order").[1] The Order recites Lu's lengthy history of vexatious litigation both in this Court and the courts of the Commonwealth of Massachusetts, and notes that Lu has been enjoined from filing any new actions in the state courts of Massachusetts without complying with certain procedures. *See* Ex. A at 15-16. Noting that Lu incurs little or no cost in conjunction with the myriad suits he files, while the defendants he sues must incur the costs associated with responding to his allegations,

---

[1] A true and correct copy of the Order is attached hereto as Exhibit A.

1

and further noting that many of Lu's suits (like this one) are filed against judges and court personnel who have denied his previous claims, the Order concluded that a limited injunction against the filing of future actions by Lu in the District of Massachusetts was justified and appropriate. *See id.* Accordingly, the Order requires Lu to "attach to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts: (1) a copy of this Order, and (2) a certification, signed under the pains and penalties of perjury, that he has complied in good faith with this Order." *Id.* at 17.

Instead of barring Lu outright from filing any action in the District of Massachusetts, the Order imposes a more limited and circumspect sanction that requires him to certify an action is being brought in good faith and to put the defendants on notice of Lu's prior vexatious conduct in litigation. If Lu has a meritorious claim to bring against a defendant, all he has to do is comply with the Order and his suit may proceed.

Lu's repeated refusal to comply with the Order simply reinforces the conclusion that his claims in this case are not being brought in good faith. Rather than comply with the reasonable conditions set forth in the Order, Lu tries to excuse his own sanctionable conduct by arguing: (1) the Order no longer exists or is no longer in force because the case in which it was issued has been closed; (2) Rule 41(b) does not apply because the Order, even if existing and in force, is injunctive in nature; and (3) the Locke Lord Defendants cannot enforce the Order because they were not parties to the case in which it was issued. These arguments have no merit, and Lu fails to satisfy his burden of proof.

## ARGUMENT AND AUTHORITIES

A.    **RULE 11 STANDARD**

Under Rule 11, the signature of an attorney or *pro se* party on a pleading, motion, or other paper "certifies to the court "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Fed. R. Civ. P. 11(b).

Based on this certification, a court may "impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose." *CQ Int'l Co., Inc. v. Rochem Intern., Inc., USA*, 659 F.3d 53, 60 (1st Cir. 2011); *see also* Fed. R. Civ. P. 11(c)(1). While "[t]he imposition of sanctions is committed to the discretion of the district court," *Lamboy–Ortiz v. Ortiz–Velez*, 630 F.3d 228, 243 (1st Cir. 2010), Rule 11 is a "potent weapon," *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992), so "a judge should resort to [sanctions] only when reasonably necessary—and then with due circumspection." *United States v. Figueroa-Arenas*, 292 F.3d 276, 279 (1st Cir. 2002).

As the party moving for sanctions, Lu bears the burden of proof as to whether Rule 11 was violated. *See Anaqua, Inc. v. Schroeder*, No. 12-10710-FDS, 2014 WL 1795310, at *3 (D. Mass. May 5, 2014) (following the Second Circuit's assignment of the burden to the movant in

3

the absence of a controlling decision in the First Circuit); *see also In re Cushman*, 589 B.R. 469, 487 (Bankr. D. Me. 2018) (assigning the burden of establishing the necessity or propriety of sanctions on the party seeking them even though the other party filed the action seeking a declaration that such sanctions were not warranted).  To the extent there are any doubts regarding whether Rule 11 has been violated, those doubts are to be resolved in favor of the signer of the paper.  *See Anaqua*, 2014 WL 1795310, at *3 (citing *Rodick v. City of Schenectady*, 1 F.3d 1341, 1350 (2d Cir.1993); 2–11 Moore's Federal Practice–Civil § 11.23; George M. Vairo, *Rule 11 Sanctions: Case Law, Perspectives and Preventative Measures*, 223 (Richard G. Johnson ed ., ABA, 3d ed. 2004)).

**B.**    **THE ORDER EXISTS AND IS IN FORCE**

Lu cites no authority for his proposition that the efficacy of an order imposing reasonable conditions on a vexatious litigant's filing of future actions, pleadings, motions, and other documents in the issuing court ceases when the case in which such order was issued is closed. To the contrary, the United States Court of Appeals for the First Circuit has "recognized that, in extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring a party from filing and processing frivolous and vexatious lawsuits may be appropriate." *Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1985) (citing *Gordon v. United States Department of Justice*, 558 F.2d 618 (1st Cir. 1977) (per curiam)).  "Other circuits have similarly held that district courts have the power under 28 U.S.C. 1651(a) to enjoin litigants who abuse the court system by harassing their opponents." *Id.* (citing *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980); *Ruderer v. United States*, 462 F.2d 897 (8th Cir.1972) (per curiam), *appeal dism'd*, 409 U.S. 1031 (1972)).  Given that the Order contemporaneously imposed the above sanctions against Lu while dismissing his claims in that case with prejudice, it is clear that the primary objective of including such sanctions in the Order

was to prevent Lu from continuing his pattern of vexatious litigation in any future actions, such as this one, that he files in the District of Massachusetts.

Lu also cites no evidence suggesting that the Order no longer exists or is no longer in force. Lu appealed the Order, but the United States First Circuit Court of Appeals summarily disposed of his appeal and affirmed the Order for the same reasons cited in the Order itself.[2] Thus, it is clear the Order still exists, is in force, and applies in any action that Lu files in the District of Massachusetts.

**C.     RULE 41(B) APPLIES**

Lu's argument that Rule 41(b) does not apply, even if the Order exists and is in force, because the Order is injunctive in nature is nonsensical in light of the plain language of the rule. Rule 41(b) provides: "If the plaintiff fails … to comply with … *a court order*, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b) (emphasis added). The rule does not differentiate between an order that contains injunctive relief and one that does not. An order that includes injunctive relief is just as much an order as one that does not include such relief.

By its plain language, Rule 41(b) allows a defendant to move to dismiss an entire action, or any claim against the defendant within such action, if the plaintiff fails to comply with "a court order." *Id.* There is no dispute that the Order is a court order; nor does Lu dispute that he failed to comply with the Order, which, as discussed above, applies to every pleading, motion, or other document he files in this suit. Thus, it was entirely reasonable and proper for the Locke

---

[2] A true and correct copy of the docket report for Lu's appeal of the Order is attached hereto as Exhibit C. The sheer number of related cases listed on the docket report illustrates why the Order was necessary in the first place, and why the Court should apply Rule 41(b) to dismiss any action Lu files without complying with the Order.

Lord Defendants to move for dismissal under Rule 41(b) based on Lu's failure to comply with the Order, and for Attorney Janis to sign the motion to dismiss pursuant to Rule 11.[3]

### D.  THE LOCKE LORD DEFENDANTS MAY SEEK DISMISSAL UNDER RULE 41(B) FOR LU'S FAILURE TO COMPLY WITH THE ORDER

Finally, Lu is misguided in his argument that the Locke Lord Defendants cannot enforce the Order because they have not been injured by his failure to comply with the Order and because they were not parties to the case in which it was issued.  The Locke Lord Defendants are not asking the Court to enforce the Order; they are asking the Court to dismiss the case under Rule 41(b) because Lu failed to comply with the Order.  Those are two very different things.  If the Locke Lord Defendants were trying to enforce the Order, they would be asking the Court to order Lu to re-file all of his pleadings, motions, and other documents in a manner that complies with the Order.  Instead, the Locke Lord Defendants are asking the Court to dismiss the action under Rule 41(b) because Lu failed to comply with the Order.[4]

Rule 41(b) expressly authorizes a defendant to move for dismissal if the plaintiff fails to comply with a court order.  By its plain terms, it does not require that the defendant have been a party to the action in which the order was issued.  Indeed, Rule 41(b) is perhaps most especially pertinent and necessary when, as here, a defendant invokes it to dismiss a case because the plaintiff fails to comply with an order imposing reasonable conditions that were intended to

---

[3] As noted in the March 16, 2022 *Order Freezing Motion Filings* (ECF 49), Lu has filed nine motions in this case, not inclusive of his filing of an amended complaint and responsive pleadings.  He has not complied with the Order with respect to any of the motions or pleadings.  Furthermore, on March 2, 2022, he notified the Locke Lord Defendants and Attorney Janis of his intent to file another motion for sanctions under Rule 11 in relation to *Locke Lord Defendants' Response and Objection to Plaintiff's Cross-Motion to Strike Bulk of Motion to Dismiss* (ECF 41).  A true and correct copy of the emails exchanged between Lu and Attorney Janis in relation to that prospective motion is attached hereto as Exhibit B.  Based on the motions and pleadings Lu has already filed, and what he intends to file if and when the prohibition against filing further motions is lifted, it appears he is perpetuating in this case the same pattern of vexatious litigation described in the Order, which the Order was intended to prevent.

[4] Because the Locke Lord Defendants are moving for dismissal under Rule 41(b) rather than seeking to enforce the Order, this is not a contempt proceeding and the authority Lu cites relating to the enforceability of an injunction in a contempt proceeding is inapposite.

prevent the plaintiff from engaging in vexatious litigation in future actions. By reading a limitation into Rule 41(b) that requires the defendant to have been a party to the action in which the subject order was issued would render Rule 41(b) impotent in circumstances like the present where a notoriously vexatious litigant is blatantly disregarding an order designed to prevent him from conducting further vexatious litigation.

## CONCLUSION

WHEREFORE, the Locke Lord Defendants and Attorney Janis respectfully request that Lu's Rule 11 Motion be denied.

Respectfully submitted,

/s/ Daron L. Janis
Daron L. Janis (BBO #: 703028)
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100 telephone
(617) 227-4420 facsimile
March 17, 2022                                  djanis@lockelord.com


CERTIFICATE OF SERVICE

I certify that on March 17, 2022, the foregoing document is being served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system and a paper copy is being sent to the following as indicated below:

*By U.S. Mail*
Friedrich Lu
c/o St. Francis House
P.O. Box 499
Lafayette Station
Boston, MA 02112

*By U.S. Mail*
Friedrich Lu
c/o St. Francis House
39 Boylston Street
Boston, MA 02112

/s/ Daron L. Janis
Daron L. Janis