UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHSUETTS

Friedrich Lu,

    Plaintiff,

v.

Paul N. Laprocina, Jr., Michael J. Lepizzers, Jr., Scott DeMello, Karlene Hall, Lepizzera and Laporcina, Jury G. Stenhouse, Christopher M. Anderson, TS Land Trust LLC, Robert Ronquillo, Jr., Thomas C. Horgan, Daniel J. Horgan, Mark C. Concannon, Patty Wong-Murphy, David Taylor, Matt VP McTygue, Elizabeth H. Kelly, Locke Lord, LLP, Albertsons Companies, Christopher C. Storm, Daniel M. Lee, Morrison Mahoney, LLP

    Defendants.

CIVIL ACTION NO: 1:21-11493-JDL

### DEFENDANTS "STAR MARKET INC", ALBERTSONS COMPANIES, CHRISTOPHER C. STORM, DANIEL M. LEE AND MORRISON MAHONEY, LLP'S OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SANCTIONS

NOW COME Defendants Star Markets Company, Inc., (misnamed as "Star Market Inc"), Albertsons Companies, Inc. (misnamed as "Albertsons Companies"), Christopher C. Storm, Daniel M. Lee and Morrison Mahoney, LLP (collectively "Albertsons Defendants") and oppose the Plaintiff's "Cross-Motion for Rule 11 Sanction Against Albertsons", which is part of Paper 54, Lu's opposition to the Albertsons Defendants' Motion to Dismiss.

Lu's cross-motion makes no cogent argument for why sanctions are warranted.  In fact, there is no basis to sanction the Albertsons defendants.  Ironically, it is Lu who has demonstrated a disregard for the Courts and Court Orders, and who has wasted judicial resources by reflexively and frivolously seeking sanctions, see, e.g., Papers 45, 54, 55, to say nothing of his filing baseless complaints.

1

I. <u>The Court should deny Lu's cross-motion for sanctions because it violates the Court's Order Freezing Motion Filings.</u>

Chief Judge Jon D. Levy entered an Order freezing all motion filings on March 16, 2022.  See Paper 49.  Judge Levy observed that Lu had filed nine motions, not inclusive of an amended complaint and responsive pleadings, since initiating this action, and was unreasonably taxing judicial resources.  Judge Levy ordered that no further motions, other than those seeking emergency relief or to dismiss, were permitted until a case management conference was held.  Lu violated the Order in cross-moving for sanctions against the Albertsons Defendants on March 31—actually, he violated the order twice, since he also filed a second motion for sanctions against Locke Lord on the same day.  The Court should deny Lu's motion for sanctions because it violated an express court order freezing motion filings.

II. <u>The Court should deny Lu's cross-motion for sanctions because it is contained within a late-filed opposition to the Albertsons Defendants' motion to dismiss which should be disregarded as untimely.</u>

The Plaintiff's cross-motion for sanctions is contained within the Plaintiff's opposition to the Albertsons' Defendants motion to dismiss.  The deadline for the Plaintiff to oppose the Albertsons Defendants' motion to dismiss expired on March 21.  The Plaintiff's opposition to Albertsons' motion to dismiss with cross-motions for sanctions was not filed until March 31 and should be disregarded because it is wholly contained within a late-filed opposition which itself should be disregarded.

III. <u>The Court should deny Lu's cross-motion for sanctions because Lu's frivolous and vexatious case against Albertsons violates Judge Wolf's March 29, 2002 Order</u>

As Locke Lord and Attorney Janis argued in their Motion to Dismiss and Response and Objection to Plaintiff's Cross-Motion for Rule 11 Sanctions, Papers 33 and 50, Lu has failed, in the instant litigation, to comply with Judge Wolf's March 29, 2002 Order establishing certain conditions to Lu's bringing suit and filing papers in the United States District Court for the District of Massachusetts.  Judge Wolf's order described and responded to Lu's history of vexatious and frivolous

2

litigation, a pattern which continues here. None of the procedures outlined in Judge Wolf's order[1] were followed before filing the instant action against the Albertsons Defendants, and none of the required attachments or certifications have been made in regard to the motion for sanctions.

    IV.    <u>The Court should deny Lu's cross-motion for sanctions because there is no basis to impose sanctions.</u>

The Court should deny Lu's cross-motion for sanctions because it is baseless. Lu seems to argue that the Albertsons Defendants should be sanctioned for frivolously moving to dismiss. The motion to dismiss was appropriate.

Lu believes that a defendant's moving to dismiss frivolous litigation is not "petitioning" and therefore cannot invoke the G.L. c. 59H. The cases interpreting petitioning under G.L. c. 59H do not focus on whether the special movants, in "petitioning", were bringing or defending an action, but rather whether they were seeking to influence, inform, or reach government bodies. <u>Miller v. SBA Towers V, LLC</u>, 391 F. Supp. 3d 123, 134–35 (D. Mass. 2019) <u>citing</u> <u>N. Am. Expositions Co. v. Corcoran</u>, 452 Mass. 852 (2009) (quotation omitted) (Petitioning includes all statements made to influence, inform, or at the very least, reach governmental bodies — either directly or indirectly.). Albertsons' Boston Municipal Court motion to dismiss sought to influence, inform, and reach the Boston Municipal Court judges to award the dismissal relied that the Albertsons Defendants sought. It was petitioning.

Lu also believes that a special motion to dismiss under G.L. c. 59H is not effective against Section 1983 claims. Lu's citation to <u>Howlett v. Rose</u>, 496 U.S. 356, 365-66 (1990), does not support that proposition, and moreover, Lu has no real Section 1983 claim, and has not pleaded the barest allegations necessary to support his right to relief (alleging that the Albertsons Defendants and the

---

[1] A true and complete copy of Judge Wolf's full order appears on the docket at Paper 50-1. The order requires Lu to attach a copy of the order and a certification by Lu signed under the pains and penalties of perjury that he had complied with the order "to any pleading, motion, complaint, or other document that he files in the United States District Court for the District of Massachusetts.

101012199

Boston Municipal Court defendants colluded) above the speculative level.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Simply put, no predicate for sanctions exists.  Paraphrasing, Fed. R. Civ. P. 11 provides for sanctions, in pertinent part, if a party, attorney, or law firm brings claims or files a document for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, or where a party advances defenses or legal contentions unwarranted by law.  Rule 11 does not apply to the Albertsons Defendants' moving to dismiss this vexatious claim.

WHEREFORE, the Albertsons Defendants request that this Honorable Court deny the motion for sanctions, dismiss all claims against them with prejudice, and award them their costs and fees incurred in seeking such relief.

Respectfully submitted,

ALBERTSONS COMPANIES, CHRISTOPHER STORM, DANIEL M. LEE AND MORRISON MAHONEY, LLP

By their Attorneys,

     Christopher C. Storm
Christopher C. Storm, BBO #680782
cstorm@morrisonmahoney.com
Daniel M. Lee, BBO #703616
dlee@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-439-7500
Fax:     617-342-4869

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2022. Additionally, an electronic copy of this document was emailed to the following parties:

Friedrich Lu (pro se)
c/o St. Francis House
P.O. Box 499
Lafayette Station, Boston, MA 02112
chi2flu@gmail.com

/s/ Christopher C. Storm_____

101012199